JULIUS KESSLER & CO. v. THOMAS F. LALLY.[1]

December 10, 1909.

Nos. 16,243—(43).

**Sale — Payment and Delivery Concurrent.**

> Plaintiff sold defendant five barrels of whiskey, took defendant's notes, and delivered to him warehouse receipts for them. Defendant ordered plaintiff to pay the government tax on two barrels, and to ship them to a named place. This was done. Plaintiff tendered defendant a bill of lading to its order, on which was a written direction to notify defendant, and attached thereto a draft for the amount due on whiskey shipped. This defendant refused to pay. Suit was brought on all the notes and for the tax paid. It is *held* that, while the property passed to defendant on delivery of the warehouse receipt, plaintiff was entitled to the possession of the goods until payment, that the right and duty of payment and delivery were concurrent, that tender by plaintiff of the bill of lading to its order, but without any indorsement or equivalent thereof, though with the draft attached, did not constitute delivery or attempted delivery, and that the consideration failed.

Action in the municipal court of Minneapolis to recover $257.69 upon five promissory notes, payable respectively four, five, six, seven and eight months after date; also to recover the sum of $77.49, government tax on two barrels of whiskey, which it is alleged was paid by plaintiff at the special instance and request of defendant. The answer alleged that plaintiff had failed to deliver the personal property, the delivery of which was the consideration for the payment of the notes. The case was tried before Waite, J., who made findings and ordered judgment in favor of plaintiff for $256.54. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order, defendant appealed. Reversed.

*Dodge & Tautges,* for appellant.
*Charles G. Laybourn,* for respondent.

[1]Reported in 123 N. W. 921; 124 N. W. 213.

JAGGARD, J.·

Plaintiff and respondent brought an action to recover on five promissory notes delivered to it by defendant and appellant, and for an additional claim for government taxes and charges on two barrels of whiskey sold by plaintiff to defendant.

Defendant had bought five barrels of whiskey in bond, of serial numbers 171,309–3 for $217.70, at the time of the execution of the notes sued on, and received a warehouse receipt therefor. One of these notes was paid before the commencement of this action. Afterwards defendant indorsed on the back of the warehouse receipt "two out Jan. 23, 1907," and ordered the. plaintiff to pay the government tax on two barrels of whiskey shipped to Minneapolis, and to attach the draft to the bill of lading. In accordance with this order, two barrels of whiskey were consigned by the plaintiff in Kentucky to the plaintiff in Minneapolis. ` On the bill of lading, of course, running to plaintiff, was written this: "Notify Thos. F. Lally, * * * Minneapolis, Minnesota." A draft drawn by plaintiff on defendant for $114.99, the amount then due on the whiskey shipped, was attached to the bill of lading. Upon the bill of lading there was no indorsement, nor was it accompanied by any order or writing whatever, whether by way of authority to the carrier to deliver to defendant or otherwise. The bill of lading, with draft attached, was presented to defendant. Defendant refused to pay the draft. Plaintiff's brief says that the goods were apparently never delivered by the railroad company to defendant; but it is claimed that the goods were destroyed by fire. The trial court found for the plaintiff, and ordered judgment. This appeal was taken from that judgment.

Plaintiff's position is this: On delivery of the warehouse receipt, title passed to the defendant. Thereupon it became his duty to protect his interest, the same as the owner of any personal property. If the property was lost or destroyed, he could not, upon the theory of failure of consideration, defeat his liability upon the notes.

These propositions are sound·enough; but they ignore the effect of certain significant facts appearing in this record. While the title may have passed to the defendant in accordance with the agreement, the plaintiff retained and was entitled to the possession of the goods

through the warehouseman, and in effect agreed to deliver them to the defendant upon payment of the purchase price. The legal situation was not changed when the warehouseman delivered the goods to the carrier. The plaintiff still retained his special interest. He attempted to make delivery. The rights and duties of the parties were concurrent. On the tender of the goods, plaintiff was entitled to receive payment. On tender of payment, defendant was entitled to delivery of the goods. The question then narrows itself down to whether or not the attempted tender by the plaintiff was a valid and proper tender.

On the presentation by plaintiff of the draft and of the bill of lading in the condition in which it was tendered, the carrier would not have been justified in delivering, and would not have delivered, the goods. On oral argument it was insisted that the carrier was accustomed to deliver the goods on such authority. We have been unable to find evidence to that effect in the record; and our attention has been called to none. Certainly there is no reason for judicially knowing anything so contrary to ordinary experience. Defendant, if he had paid the draft, and had taken that draft, together with the bill of lading attached to it, on which was indorsed, "Notify Thos. F. Lally, * * *" would have had no direct authority to have exhibited to the carrier from plaintiff, the consignee, named in the bill of lading, for the delivery of the goods; for we reiterate the bill was neither indorsed, nor accompanied by any writing purporting to be a substitution for indorsement, or to be any kind of a power. See R. L. 1905, § 2097. The plaintiff, therefore, had neither made delivery nor tender; and, if the goods have been destroyed, by fire or otherwise, the loss is on the plaintiff, and not on defendant. There has, therefore, been a failure of consideration of the notes, and plaintiff has shown no present right to recover thereon.

Reversed.

On January 21, 1910, the following opinion was filed:

PER CURIAM.

Plaintiff, on motion for reargument, urges that under the original

contract the payment of the purchase price was a condition precedent to Lally's right to take the goods out of the warehouse. The contract rights of the parties must be determined by construing together the contract, the warehouse receipt and the note. Upon such construction, it may be assumed to be doubtful whether the payment of the purchase price was such a condition precedent or whether payment and delivery were concurrent. This is not necessary to consider or determine. For the parties themselves construed the contract by their conduct and are bound by that construction. The plaintiffs undertook to deliver the two barrels of whiskey, and tendered to defendant the unassigned bill of lading accompanied by a draft. The attempt did not succeed. No tender or delivery was ever made. It is true that Lally did not tender the amount of the draft. On the contrary, he properly refused to pay, because of the inadequacy of the attempted delivery.

Petition denied and stay vacated.